MATTHEW A. BARLOW (9596); Email: mbarlow@wnlaw.com
CHAD E. NYDEGGER (9964); Email: cnydegger@wnlaw.com
WORKMAN│NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Attorneys for Plaintiff
HUMLESS, LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HUMLESS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FOOD FOR HEALTH INTERNATIONAL, a Utah limited liability company, and<br><br>LION ENERGY, LLC, a Utah limited liability company,<br><br>Defendants. | Civil Action No.   2:17-cv-01109-PMW<br><br>**COMPLAINT AND DEMAND FOR JURY**<br><br>Magistrate Judge: Paul M. Warner |

Plaintiff Humless, LLC ("Humless") complains and alleges against Defendants Food For Health International, LLC ("FFH") and Lion Energy, LLC ("LE") (FFH and LE are referred to collectively herein as ("Defendants") as follows:

## THE PARTIES

1. Humless is a limited liability company organized and existing under the laws of the State of Utah, having an office and principal place of business at 1374 W. 200 S., Lindon, Utah 84042.

2. FFH is a limited liability company organized and existing under the laws of the State of Utah, having an office and a principal place of business at 3250 Professional Circle, Salt Lake City, Utah 84104.

3. LE is a limited liability company organized and existing under the laws of the State of Utah, having an office and a principal place of business at 825 E. 800 N., Orem, Utah 84097.

## NATURE OF THE CLAIMS

1. This is an action for injunctive relief and damages arising out of patent infringement by Defendants of U.S. Patent No. 9,099,892 entitled "Portable power systems" ("the '892 Patent") owned by Humless. A copy of the '892 Patent is attached hereto as Exhibit A.

## SUBJECT MATTER JURISDICTION

2. This action arises under the patent laws of the United States, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281, 283, 284, and 285.

3. This action further arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Utah Unfair Competition and Practices Act, Utah Code Ann., § 13-5a-101, *et seq.* Utah Code Ann. § 13-11a-101 *et seq.*, and the common law of the State of Utah.

4. This Court has subject matter jurisdiction over Humless' claims for relief pursuant to 15 U.S.C. 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1367.

## VENUE

5.     Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b) because: (1) Defendants reside within this judicial district, and (2) Defendants' conduct complained of herein has occurred in this district.

6.     Venue is also proper in this district pursuant to at least 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement in this district and have a regular and established place of business in this district.

## FACTUAL BACKGROUND

7.     Humless is a leading manufacturer and seller of silent portable power generators. Humless has spent considerable time and resources to protect its intellectual property rights for its innovative portable power systems

8.     Humless is the owner by assignment of all right, title, and interest in and to the '892 Patent. The '892 Patent was filed on March 28, 2012 and issued on August 4, 2015.

9.     LE manufactures and sells portable power generators. The LE generators are sold under the trade names "Ascent" and "Lion Energy Expandable FTB Solar Generator" (collectively, the "LE Generators"). The LE Generators infringe one or more claims of the '892 Patent.

10.    FFH sells the LE Generators on its website and through distributors. The LE Generators sold by FFH infringe one or more claims of the '892 Patent.

11.    On August 7, 2017, Humless, through its counsel, sent a letter, via email to FFH, demanding that it cease and desist its continued infringement of the claims of the '892 Patent.

12. Despite Defendants' knowledge that the LE Generators infringe the claims of the '892 Patent, Defendants continue to manufacture, use, import, offer to sell and/or sell the infringing LE Generators.

13. Humless is also the owner of U.S. Trademark Registration No. 4,237,294 for the mark "HUMLESS" in International Class 009 for "Batteries; Batteries and battery chargers; Batteries for lighting; Batteries, electric; Battery boxes; Battery cases; Battery charge devices; Battery chargers; Battery jump starters; Battery packs; Battery power supplies for medical ventilators; Carrying cases, holders, protective cases and stands featuring power supply connectors, adaptors, speakers and battery charging devices, specially adapted for use with handheld digital electronic devices; Chargers for batteries; Chargers for electric batteries; Dry cells and batteries; Electric batteries; Electric storage batteries; Electrical cells and batteries; Electrical storage batteries; Integrated battery backup systems comprising a battery, an electronic measurement apparatus for use in the measurement of battery health and performance, and a remote computer software program that uses the foregoing data to trend, predict, and store data related to the health of the battery; Plates for batteries; Power supplies; Power supplies for lights, sirens and public address systems; Power supply connectors and adaptors for use with portable electronic devices; Rechargeable electric batteries; Renewable battery system to provide backup power; Solar batteries; Uninterruptible electrical power supplies" (the '294 Registration"). Humless first used of the mark described in the '294 Registration in January 2011. (The '294 Registration and Humless' common law rights in and to the "HUMLESS" mark are collectively referred to herein as the "HUMLESS Mark".) A copy of the '294 Registration is attached hereto as Exhibit B.

14. The federal registration of the HUMLESS Mark constitutes constructive notice to Defendants and others of Humless' ownership of the HUMLESS Mark.

15. Upon information and belief, FFH is the owner of the website located at http://foodforhealthinternational.com/ (the "FFH Website").

16. On the FFH Website, FFH has published the following image:



17. The image identified in paragraph 15 contains the text "LION ENERGY POWERED BY HUMLESS."

18. When a visitor to the FFH Website clicks on the image, the visitor is redirected to the LE website at https://lionenergy.com/.

19. FFH's use of the HUMLESS Mark is without permission or authorization by Humless.

20. On information and belief, FFH deliberately chose to place the HUMLESS Mark on its website in order to create a false association between Humless and the LE Generators, and to subversively divert consumers away from Humless' own products and services.

21. Upon information and belief, FFH has improperly and unjustly profited from its wrongful use of the HUMLESS Mark, and has willfully carried out its actions with the intent to trade on the goodwill associated with Humless and the HUMLESS Mark and has done so with

knowledge that its actions would result in consumer confusion and/or with reckless disregard for the consumer confusion that it knew was likely to result.

22.     Defendants' pattern of misconduct, described above, is unfair and in bad faith.

## COUNT I
### (Against both Defendants)
### PATENT INFRINGEMENT OF THE '892 PATENT
### (35 U.S.C. § 271)

23.     Humless refers to and incorporates herein by reference each of the foregoing paragraphs of this Complaint.

24.     Defendants, by the acts complained herein, and by making, using, selling, offering for sale, and/or importing into the United States products, including at least the LE Generators, that embody the invention claimed in the '892 Patent, have in the past, do now, and continue to directly infringe, contributorily infringe and/or induce others to infringe the claims of the '892 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

25.     Defendants had actual knowledge of the '892 Patent and that the LE Generators infringe the claims of the '892 patent by at least August 7, 2017, in view of the cease-and-desist letter sent FFH on that date.

26.     Despite its knowledge of the '892 patent, Defendants have continued to willfully infringe and, upon information and belief, will continue to willfully infringe upon the claims of the '892 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including at least the LE Generators, unless this Court enjoins Defendants' infringing activities.

27.     By reason of the acts of Defendants alleged herein, Humless has suffered damage in an amount to be proved at trial.

28. Further, Defendants threaten to continue to infringe the claims of the '892 Patent as complained herein unless it is restrained and enjoined, all to Humless' irreparable injury. Humless does not have an adequate remedy at law to compensate it for the injuries threatened.

29. Thus, Humless is entitled to monetary damages adequate to compensate it for Defendants' infringement of the '892 patent under 35 U.S.C. §284, with such damages trebled as provided therein, together with interest, costs, and attorneys fees under 35 U.S.C. §285, and is entitled to injunctive relief against such infringement in accordance with 35 U.S.C. §283.

<u>**COUNT II**</u>
**(Against FFH)**
**FEDERAL TRADEMARK INFRINGEMENT**
**35 U.S.C. § 1114**

30. Humless refers to and incorporates herein by reference each of the foregoing paragraphs of this Complaint.

31. FFH's use in commerce of the HUMLESS Mark in connection with the sale, offering for sale or distribution or advertising of its products or services is likely to cause confusion, or to cause mistake or to deceive as to the source or origin of its products or the affiliation, sponsorship or other relationship between FFH and Humless, in violation of 15 U.S.C. § 1114.

32. FFH's use of the HUMLESS Mark in its advertising is an attempt to trade on the goodwill and reputation Humless has generated in its name and the HUMLESS Mark.

33. FFH's conduct has caused Humless to suffer irreparable harm, damage and injury, and will continue to do so unless FFH is enjoined by the Court from further infringement and wrongful conduct.

34. As a direct and proximate cause of FFH's acts as described herein, Humless has been damaged in an amount to be determined at trial.

35. Humless is also entitled to recover its damages, the profits of FFH, and the cost of the action under 15 U.S.C. § 1117.

36. Upon information and belief, FFH will, if not enjoined by this Court, continue in its acts of trademark infringement set forth above. Such improper acts by FFH have caused, and will continue to cause, Humless immediate and irreparable harm.

37. Humless has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless FFH is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

38. The acts of FFH, as described herein, have been knowing, intentional, wanton, willful, malicious, and oppressive, and thus warrant this case being designated as exceptional under 15 U.S.C. § 1117 and the imposition of treble damages and an award of attorney's fees in favor of Humless.

**COUNT III**
**(Against FFH)**
**UNFAIR COMPETITION / PASSING OFF UNDER LANHAM ACT 15 U.S.C. § 1125(a)**

39. Humless refers to and incorporates herein by reference each of the foregoing paragraphs of this Complaint.

40. This is a claim for unfair competition, arising from FFH's unlawful acts, including, without limitation, use of the HUMLESS Mark as a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. FFH's use of the HUMLESS Mark on the FFH Website, namely "LION ENERGY POWERED BY HUMLESS" is likely to cause confusion, mistake, or deception in violation of Section 43 of the Lanham Act, 15 U.S.C. 1125(a).

42. FFH's conduct constitutes an attempt to trade on the goodwill that Humless has developed in the HUMLESS Mark.

43. By its conduct, FFH has caused Humless irreparable harm, damage, and injury to the value and goodwill Humless has built in the HUMLESS Mark and goodwill in its reputation and business.

44. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Humless and FFH, or as to the source, origin, sponsorship, or approval of the goods or services of FFH by Humless.

45. As a direct and proximate cause of FFH's acts as described herein, Humless has been damaged in an amount to be determined at trial.

46. Humless is also entitled to recover its damages, the profits of FFH, and the cost of the action under 15 U.S.C. § 1117.

47. Upon information and belief, FFH will, if not enjoined by this Court, continue in its acts of unfair competition by the use of the false designations and false representations set forth above. Such improper acts by FFH have caused, and will continue to cause, Humless immediate and irreparable harm.

48.     Humless has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless FFH is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

49.     The acts of FFH, as described herein, have been knowing, intentional, wanton, willful, malicious, and oppressive, and thus warrant this case being designated as exceptional under 15 U.S.C. § 1117 and the imposition of treble damages and an award of attorney's fees in favor of Humless.

**COUNT IV**
**(Against FFH)**
**VIOLATION OF UTAH UNFAIR COMPETITION ACT**
**U.C.A. §13-5a-101** *et seq.*

50.     Humless refers to and incorporates herein by reference each of the foregoing paragraphs of this Complaint.

51.     This is a claim for violation of the Utah Unfair Competition Act arising from FFH's wrongful conduct set forth above.

52.     FFH's conduct set forth above constitutes an intentional business act or practice that is unlawful and unfair and has led and will lead to a material diminution in the value of Humless' intellectual property and is infringement of Humless' federal and common law trademarks.

53.     FFH's conduct is likely to cause confusion, mistake, or deception as to the source or origin of FFH's products, or the affiliation, sponsorship, or other relationship between the parties in violation of the Utah Unfair Competition Act.

54. By its conduct, FFH has caused Humless irreparable harm, damage, and injury to the value and goodwill Humless has built in the HUMLESS Mark, as well as to Humless' business, goodwill, and reputation.

55. FFH will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

56. FFH's conduct as set forth hereinabove gives rise to a cause of action for unfair competition and related wrongs under the statutory and common law of the State of Utah and other states, including at least Utah Code Ann. § 13-5a-101, et seq.

57. By reason of the foregoing, Humless has suffered damages and irreparable harm.

58. By reason of the foregoing, Humless is entitled to actual and punitive damages from FFH, along with Humless' attorneys' fees and costs pursuant to at least Utah Code Ann. § 13-5a-103(1)(b), as more fully set forth hereinbelow.

## COUNT V
### (Against FFH)
### UTAH TRUTH IN ADVERTISING ACT
### U.C.A. 13-11a-101 *et seq.*

59. Humless refers to and incorporates herein by reference each of the foregoing paragraphs of this Complaint.

60. FFH's conduct, as alleged above, is causing and is likely to cause confusion or misunderstanding as to the source, sponsorship, affiliation, connection to or association with Humless, in violation of U.C.A. 13-11a-101 *et seq.*

61. By its conduct, FFH has caused Humless irreparable harm, damage, and injury to the value and goodwill Humless has built in the HUMLESS Mark, as well as to Humless' business, goodwill, and reputation.

62. FFH will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

63. By reason of the foregoing, Humless is entitled to punitive damages pursuant to U.C.A. 13-5a-103, and attorneys fees pursuant to Utah Code Ann. §§ 13-5a-103.

## JURY DEMAND

Plaintiff demands a jury trial on all disputed issues that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Humless requests that the Court grant Humless the following relief:

1. A judgment that Defendants have infringed the '892 patent;

2. For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the claims of the '892 patent;

3. For an order directing Defendants to deliver to Humless for destruction or other disposition all products and systems in its possession that infringe the claims of the '892 patent;

4. For an order directing Defendants to file with the Court, and serve upon Humless' counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendants have complied with the injunction;

5. For an order awarding Humless general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from its acts of patent infringement;

6. For an order finding that Defendants' infringement of the claims of the '892 patent was willful, that this is an exception case, and award Humless enhanced damages and its attorneys' fees under 35 U.S.C. §§ 284 and 285;

7. For an order awarding Humless all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

8. For judgment holding FFH liable for federal law trademark infringement in violation of 15 U.S.C. § 1117;

9. For judgment holding FFH liable for violations of 15 U.S.C. §1125(a);

10. For judgment holding FFH liable for violations of the Utah Competition Act;

11. For judgment holding FFH liable for violations of the Utah Truth in Advertising Act;

12. An Order permanently enjoining FFH, its agents and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the HUMLESS Mark, including, but not limited to, an order enjoining them from the following acts

   a. imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the HUMLESS Mark, or any mark confusingly similar thereto;

   b. using any unauthorized copy or colorable imitation of the HUMLESS Mark, or using any false designation of origin or description, in such fashion as is likely to relate or connect FFH with HUMLESS or cause confusion;

      c. engaging in any other activity constituting unfair competition or infringement of the HUMLESS Mark or Humless' rights in, or to use, or to exploit the same; and

      d. assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (a) – (c) above.

13. For judgment awarding Humless monetary damages in an amount to be fixed by the Court in its discretion as just including, but not limited to, all of the FFH's profits or gains of any kind resulting from FFH's willful infringement and/or acts of unfair competition, and any damages Humless suffered as a result of FFH's actions, said damages to be trebled.

14. For judgment awarding Humless punitive damages pursuant to U.C.A. 13-5a-103

15. For judgment awarding Humless its costs and reasonable attorney's fees in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to FRCP 54, 28 U.S.C. § 1919, 15 U.S.C. § 1117(a)-(b), and applicable common law, state statute and federal law, including Utah Code Ann. §§ 13-5a-103, 13-11-19, and 13-11a-4.

16. For judgment ordering FFH to promulgate corrective advertising sufficient to inform the consuming public that there is no connection between Humless and FFH and/or LE.

17. For judgment awarding Humless pre- and post-judgment interest on any monetary award made part of the judgment against FFH and/or LE.

18. For such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

Humless demands a trial by a jury for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 4th day of October, 2017.

        WORKMAN NYDEGGER

        By  */s/ Matthew A. Barlow*
            MATTHEW A. BARLOW (9596)
            WORKMAN NYDEGGER
            60 East South Temple, Suite 1000
            Salt Lake City, UT  84111
            (801) 533-9800
            (801) 328-1707 (FAX)

Attorneys for Plaintiff
HUMLESS, LLC